MILLER, Judge.
Plaintiff Linda Parks appeals the denial of her workmen’s compensation claim against her former employer Marksville Industries, Inc. (hereinafter referred to as Garan) and its insurer Insurance Company of North America. Alternatively, she seeks an increase in the award of disability benefits under an Accident and Health Insurance policy with defendant New York Life Insurance Company, which policy was provided by Garan for its employees for non-work connected accidents or disabilities. New York Life answered the appeal seeking recovery from INA should plaintiff recover from INA on her workmen’s compensation claim, and alternatively to reduce the award for disability benefits. We affirm.
In 1972, Mrs. Parks quit a job in a canning factory after working one month, then quit a job in a nursing home after working two months. About January 1, 1973 she started smoking one pack of cigarettes each day. A few months after quitting her nursing home job, Mrs. Parks started working (on May 17, 1973 at the age of 19) for Garan’s garment factory where cloth is cut and sewed into garments. Her specific task was sewing on pockets. On October 10, 1973 she consulted her physician and was diagnosed with chronic bronchitis. She contends her bronchitis was an allergenic or irritant induced or aggravated by excessive dust and lint at the sewing factory. Garan contends her bronchitis was either of infectuous origin or was an acute state of a respiratory problem identified as allergic asthma.
On Mrs. Parks’ Oct. 10, 1973 visit to her physician she complained of coughing over *537 a period of one or more months. She had a severe cough and fever. Antibiotics were prescribed and when she failed to respond she was hospitalized from October 15th to 19th. Shortly after her release from the hospital she asked for and obtained a release to allow her to return to work with the understanding she would not work in the sewing room. She brought this release to her employer but never attempted to return to the workroom. She had two relapses—first on November 2nd and again on November ISth and was readmitted to the hospital on both occasions. She testified at Tr. 288 she had recovered by November 22nd and has been trouble free since that time. However all physicians advised against her return to the sewing room because the dust and lint might adversely affect her respiratory problem. The physicians also recommended she stop smoking cigarettes, but she has maintained that habit.
The medical testimony established Mrs. Parks had a respiratory infection diagnosed by culture when she first saw a doctor in October. The medical testimony preponderated that she was not allergic to dust or lint in the factory and she had an asthmatic condition. The strongest testimony in her favor was that the dust and lint in the garment factory together with her smoking may have precipitated or aggravated the bronchitis.
The trial court assigned written reasons in which he carefully reviewed the evidence and concluded there was no proof that the fibers or dust from the garment factory caused her trouble, and the evidence preponderated against her on this point. Plaintiff appellant has failed to establish manifest error in this conclusion.
This is confirmed by plaintiff’s application to N.Y. Life under her health insurance policy filed late in November. Her application stated the bronchitis was not related to an on the job accident. On the basis of that application, New York Life paid plaintiff’s claim—some $600 in medical expenses. She did not claim disability benefits until this suit was filed, and then the claim was made alternatively in the event her workmen’s compensation claim was denied.
New York Life’s policy provided a maximum disability benefit of $40 per week for 13 weeks, and although she admits she recovered by November 22, 1973 she claims the full 13 weeks on the basis of the doctors’ recommendation that she not return to work in the sewing room. The garment factory is the largest employer in her area and since her physicians will no longer allow her to work in that plant, she contends she is disabled under the terms of the policy.
The trial judge properly concluded plaintiff was disabled through November and not disabled thereafter. Disability benefits were due under the policy as long as plaintiff could not “engage in any work for remuneration or profit.” Plaintiff is not entitled to benefits after the date she admits she regained her health.
New York Life’s answer to the appeal contends disability benefits should have been terminated at the end of October when her treating physician returned her to work. The evidence supports the trial court’s conclusion she did not return to work at that time because her disability continued for the number of weeks awarded by the trial court.
Finally, plaintiff contends the court erred in assessing only $15 in court costs against New York Life; that failure to tax costs to defendant will tend to prevent claimants from pursuing their claims. We do not agree. New York Life was brought into this litigation by an amendment and only as an alternative in the event her workmen’s compensation claim was denied. Her first attempt to collect disability benefits was conditioned on failure of her compensation claim. The court costs taxed to plaintiff were those relating to plaintiff’s unsuccessful workmen’s compensation *538 claim against Garan and INA, and are properly taxed to her. There is no reason to shift that burden to New York Life when plaintiff never sought disability benefits until she amended her petition to make the alternative claim.
 The trial court has broad discretion to assess court costs. LSA-C.C.P. art. 1920. Richard v. Southern Farm Bureau Casualty Insurance Company, 212 So.2d 471 (La.App. 3 Cir. 1968). We find no abuse of that discretion.
The trial court judgment is affirmed at appellant’s costs.
Affirmed.